IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Rodney Dean Hampton, )
)
                      Plaintiff, )     C/A No. 5:11-698-TMC
)
v. )
)     **OPINION & ORDER**
Michael J. Astrue, Commissioner )
of Social Security Administration, )
)
                      Defendant. )

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report") recommending that this court reverse the Commissioner's decision and remand for further administrative proceedings. (Dkt. # 32).[1] The Commissioner timely filed objections to the Report and Plaintiff filed a response to the Commissioner's objections. (Dkt. # 34 and 36). For the reasons set forth below, the court adopts the Report, and reverses the decision of the Commissioner and remands this matter for further administrative proceedings.

**I. Procedural Background**

On August 21, 2006, Plaintiff filed an application for DIB and SSI due to shoulder arthritis, cervical spine degenerative disc disease, and an anxiety disorder with an alleged disability onset date of May 2, 2006. His application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") conducted a hearing on March 3, 2009. On April 1, 2009, the ALJ

---

[1]In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to a Magistrate Judge for pretrial handling.

issued a decision finding Plaintiff was not disabled within the meaning of the Act. Plaintiff sought review of his case by the Appeals Council which was denied. Plaintiff filed this action on March 23, 2011. In her Report, the Magistrate Judge to whom this matter was referred recommended that the Commissioner's decision be reversed and remanded for further proceedings. The Commissioner timely filed objections to the Report on August 9, 2012. (Dkt. #34).

## II. Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to

give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

### III. DISCUSSION

The Magistrate Judge found the ALJ erred in his analysis of the opinions of Dr. Klosterman, Plaintiff's treating physician. In his objections, the Commissioner argues that the Magistrate Judge erred by "suggesting that he (sic) found the ALJ had rejected Dr. Klosterman's medical opinion with respect to Plaintiff's residual capacity" when the ALJ clearly did not reject Dr. Klosterman's opinion. (Objections at 1-2). Further, the Commissioner contends the Magistrate Judge also erred in suggesting that the ALJ was required to give controlling weight to the entire opinion of a treating physician. *Id.*

An ALJ is required to give a treating physician's opinion controlling weight if the opinion is supported by medically acceptable clinical and laboratory diagnostic techniques and it is not inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(d), 416.927(d); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). When the ALJ determines that a treating physician's opinion is not entitled to controlling weight, the ALJ then must determine what weight, if any, to give that opinion and must give "specific reasons" for that determination. SSR 96–2p (1996 WL 374188, *5). Further, the ALJ must consider various factors in determining what weight should be given including: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole;(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the Secretary's attention which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d)(2)(i), (d)(2)(ii)(3)-(6); *see also* SSR 96–5p; SSR 96–2p.

After careful review of the record and arguments presented, the undersigned is constrained to agree with the Magistrate Judge that the ALJ failed to properly and fully evaluate the medical opinions of Dr. Klosterman. While the Commissioner argues that the residual functional capacity determined by the ALJ was not inconsistent with portions of Dr. Klosterman's opinions, the ALJ, while stating that he did not give Dr. Klosterman's opinions controlling weight, failed to explain what weight, if any, was given to Dr. Klosterman's opinions as required. Accordingly, a remand for further proceedings is necessary.

As to the Commissioner's argument that the Magistrate Judge erroneously suggested that an ALJ is required to give controlling weight to the entirety of an opinion of a treating physician, the court does not agree. (Objections at 2). The court finds the Magistrate Judge was merely noting that the court is not to determine whether the ALJ's findings are inconsistent with specific portions of a treating physician's opinion or scan the record for post-hoc rationalization. (*See* Report at 22). Rather the court is to determine whether the ALJ properly analyzed the treating physician's opinion and whether the ALJ's decision is supported by substantial evidence.

## IV. Conclusion

After a thorough review of the record, the Commissioner's objections are overruled and the court adopts the Report. Pursuant to sentence four of 42 U.S.C. § 405(g), the court reverses the ALJ's decision and remands this case for further administrative action consistent with this order and the Report.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

August 28, 2012
Greenville, South Carolina

4